**Associates Consumer Discount Company v. Alley**

*Donald S. Marzotta,* of *Davis & Marzotta,* for plaintiff.
*Sidney W. Paul,* for defendants.

HENDERSON, *P.J.,* January 16, 1978 — Plaintiff received a default judgment in this action. Two weeks later it filed a petition entitled "Petition For Supplemental Relief in Aid of Execution Under R.C.P. 3118(a)(1)." This petition averred that defendants were owners of two motor vehicles upon whichiencumbrances were held by Pennsylvania Engineering Federal Credit Union, and Shenango China Federal Credit Union. Plaintiff requested that the court enjoin the encumbrance-holders and defendants from transferring, assigning or otherwise disposing of the motor vehicles or their certificates of title. A rule was issued upon defendants and encumbrance-holders to show cause why they should not be enjoined and restrained from transferring, assigning, selling, pledging, encumbering, delivering or otherwise disposing of said motor vehicles or their certificates of title. At the time set for

hearing, only counsel for plaintiff appeared, the rule was made absolute, and an order of court signed.

It has now been brought to our attention that this order may be improper since it is serving as an alternative rather than a supplement to the writ of execution. The encumbrance-holders have a prior lien on the motor vehicles. The order does not destroy this priority, but it does prevent the credit unions from making full use of their priority.

The present facts are almost identical with those in the case of Federated Foods v. Ryan, 3 Butler 167 (1964). There Judge (now President Judge) Kiester refused a judgment creditor's petition to enjoin the encumbrance-holder of the judgment debtor's automobile from transferring, assigning or disposing of the certificate of title. His reasoning was that to issue an order of the type requested would result in Rule 3118 being used in lieu of execution rather than in aid of execution and such an order would have the effect of harassing a party not involved in the controversy. In that case, as in the present one, no explanation was given by the judgment creditor for its failure to follow the conventional execution procedures, nor did the petition state any reasons why the requested relief was needed: See also 9 Goodrich-Amram 2d §3118 a:1.

We agree with Judge Kiester that relief under Rule 3118 is intended as an aid, not a substitute for the writ of execution. Although the rule may be invoked prior to the issuance of the writ in order to preserve the status quo as to the judgment debtor's property, the judgment creditor must attempt to secure the writ. Here, although more than two months have passed since the order of court, plaintiff has made no effort to secure the writ. Since the

relief sought by plaintiff was not sought to aid in execution, but rather as a substitute therefor, we will strike our order of court of October 31, 1977, upon our own motion.

## ORDER

Now, January 16, 1978, based on on the foregoing opinion, the final order of court of October 31, 1977, is hereby stricken on the court's own motion.